**FAGAOALI`I LALOULU TAGOILELAGI, Claimant,**

**v.**

**ULIMASAO SITALA SITALA, JR., FA`ASEFULU TOGIA`I, LOTOMAU PEAU, ALOALI`I TAPU TAGALOA, and TOFAU PALAIE GAOTEOTE, Counterclaimants.**

**Registration of Matai Title TAGOILELAGI of the Village of Vatia**

High Court of American Samoa
Land and Titles Division

MT No. 01-96

September 21, 1998

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, LOGOAI, Associate Judge, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

ATIULAGI, Associate Judge, dissenting.

Counsel: For Claimant Fagaoali'i Laloulu Tagoilelagi, Aitofele T. Sunia
 For Counterclaimant Ulimasao Sitala Sitala, Jr., Afoa L. Su'esu'e Lutu
 For Counterclaimant Fa'sefulu Togia'i, Roy J.D. Hall, Jr.
 For Counterclaimant Lotomau Peau, Pro Se
 For Counterclaimant Aloali'i Tapu Tagaloa, Albert Mailo
 For Counterclaimant Tofau Palaie Gaoteote, Pro Se

## OPINION AND ORDER

Trial for the registration of the *matai* title "Tagoilelagi" began on July 9 and concluded on July 13, 1998. Prior to trial, counterclaimant Fa'sefulu Togia'i withdrew his candidacy. Counterclaimants Tofau Palaie Gaoteote, Aloali'i Tapu Tagaloa, and Lotomau Peau withdrew their candidacies at the beginning of the trial. The trial thus proceeded with claimant Fagaoali'i Laloulu Tagoilelagi ("Fagaoali'i") and counterclaimant Ulimasao Sitala Sitala, Jr. ("Ulimasao") as the two remaining candidates for the title.

**Discussion**

### A. Eligibility

■ As an initial matter, Fagaoali`i questions whether Ulimasao meets the one-year residency requirement for registration eligibility set forth in A.S.C.A. § 1.0404(a). Section 1.0404 (a) provides that, with certain exceptions inapplicable in this instance, "no one is eligible to claim or object to the succession to a *matai* title unless he has resided in American Samoa for one calendar year immediately preceding the date of objection."

Ulimasao filed his counterclaim to the title "Tagoilelagi" with the Territorial Registrar in September 1994. Before then, he resided outside of American Samoa for substantial periods of time, as further detailed in the selection criteria discussed below. However, he returned to reside permanently in American Samoa in June 1993, more than one year earlier. Thus, we conclude that Ulimasao meets the one-year residency requirement of section 1.0404(a).

### B. Selection Criteria

■ The court's evaluation of the four criteria set forth in A.S.C.A. § 1.0409(c) is decisive in awarding *matai* titles in contested registration actions. We discuss the criteria in the order of their priority.

#### 1. Best Hereditary Right (A.S.C.A. § 1.0409(c)(1))

Presently, two factions exist in the Tagoilelagi family, each having different histories with respect to the original and subsequent titleholders and family clans. The two contestants do agree, however, that "Tagomailelagi" was the original spelling of the title.[1] Fagaoali`i considers Tagomailelagi Tagaloalagi to be the first titleholder. Ulimasao names Tagomailelagi Uitualagi as the first titleholder.

Both candidates do recognize Tagomailelagi Uitualagi to be Tagaloalagi's son. They materially differ, however, on the origin of the Tagoilelagi title, placing particular importance on the first titleholder's birthplace. According to Fagaoali`i's legend, Tagaloalagi, a heavenly chief, married Sina of Vatia. Tagaloalagi bestowed the title "Tagomailelagi" upon their son Tagaloalagi, who was born in Vatia. Under Ulimasao's legend, Tagaloalagi was the issue of an immortal being and came from Manu`a to marry Sina of Vatia. He then bestowed

---

[1] The specific time of and reason for the changed spelling is not in evidence and is not important to our decision.

the title "Tagomailelagi" upon their son Uitaulagi, who was born in Vatia. Except for one titleholder, Tagomailelagi Vaiga, each candidate also presents a completely different list of the titleholders after Tagomailelagi Ultaulagi until the last three Tagoilelagi titleholders, Solomona or Leota, Taua, and Elia.

■ Because the candidates disagree over the identities of the original titleholder and most of the subsequent titleholders, we follow the traditional rule for determining the best hereditary right by examining each candidate's closest relationship to a previous titleholder. *See Misaalefua v. Hudson*, 1 A.S.R.3d 23, 25 (Appellate Div. 1997). Fagaoali`i is the son of the last titleholder, Tagoilelagi Elia, and thus, by this method, has 50% Tagoilelagi blood. Ulimasao is five generations removed from Tagomailelagi Meleisea (who is not recognized as a titleholder by Fagaoali`i) and thus has 1/32 or 3.125% Tagoilelagi blood. This substantial difference in the two candidates' blood connections to the title emphasizes the recent dominance of Fagaoali`i's side of the family in the selection of the titleholders.[2]

We do note, however, that according to their respective pedigrees, Fagaoali`i is nine generations removed from the candidates' common ancestral titleholder, Tagomailelagi Uitaulagi, and 10 generations from Fagaoali`i's original titleholder, Tagomailelagi Tagaloalagi, while Ulimasao is 10 generations removed from their common ancestral and his original titleholder and 11 generations after Fagaoali`i's original titleholder. If we disregard the candidates' substantial disagreement over the identities and order of the previous titleholders for discussion purposes and apply the more equitable Sotoa rule of tracing blood lines back to the original or a common ancestral titleholder, *In re Matai Title "Sotoa"*, 2 A.S.R.2d 15 (Land & Title Div. 1984), the candidates' hereditary rights to the title "Tagoilelagi" are much closer to each other, only a generation apart.

However, under either the traditional rule or the Sotoa rule, Fagaoali`i prevails over Ulimasao with the better hereditary right to the title.

2. Wish of the Majority or Plurality of the Family's Customary Clans (A.S.C.A. § 1.0409(c)(2))

Following the custom of identifying family clans by the names of the original titleholder's children, Fagaoali`i recognizes two clans, Uitualagi

---

[2] Fagaoali`i's father Elia and Ulimasao's father Sitala were contestants for the title in 1961. *See In re Matai Title "Tagoilelagi"*, MT No. 58-1961 (Trial Div. 1961). Perhaps this rivalry initiated, as Fagaoali`i suggests, or intensified the current factionalism in the family.

and Silaulelei, Tagomailelagi Tagaloalagi's son and daughter. The daughter did not have children. Thus, he claims that the Uitualagi clan is the Tagoilelagi family's only "living" clan. Ulimasao uses the same tradition. However, even though Tagomailelagi Uitaulagi had five children, he names only four clans, Falemalama (son), Sulufaiga (son), Sina (daughter), and Sa`a (son). Ulimasao disregards the fifth child, Tuiasosopo (son), because there is no family record of his descendants or their participation as a clan in the affairs of the Tagoilelagi family.

Since Fagaoali`i and Ulimasao acknowledge Tagomailelagi Uitualagi as a common ancestor, we believe that both candidates essentially recognize the same persons as the present descendants of the Tagoilelagi family's traditional clans. Thus, regardless of the candidates' differences in the number and names of the clans, based on distinct family traditions, it matters little in this case whether the present family members descend from, or are identified with, Fagaoali`i's single clan or one of Ulimasao's four clans.

■ The results of the family meetings which were held to deliberate on and select the successor to the Tagoilelagi title are far more important to the clan wish issue than the number and names of the clans.

The family clan or clans first met in February 1994. Ulimasao and another *tulafale* (or "talking chief") of the family were nominated. The discussions were peaceful and harmonious in accordance with Samoan customs. Although Ulimasao appeared to have more support, the selection was postponed until a later time. The second meeting was held in May 1994.. Again, the same persons were nominated. After the discussions, Ulimasao was still the apparent favorite for the title, but the family clan or clans decided that yet another meeting would be held in an effort to achieve a true consensus.

Fagaoali`i nominated Ulimasao's competitor and was not himself nominated during the first two meetings. However, on July 20, 1994, he filed his claim for the title "Tagoilelagi" with the Territorial Registrar. His action prompted the five original counterclaimants to oppose Fagaoali`i's claim and seek the title. When the third meeting of family clan or clans was held, considerable displeasure was expressed over Fagaoali`i's offer to register the title, and Ulimasao continued to have the most support to be the next titleholder. However, Fagaoali`i and his supporters would not join a consensus for Ulimasao. Thus, the family clan or clans met a fourth time. Ulimasao still retained his previous support at the fourth meeting. However, to maintain peace and harmony, the family clan or clans decided that Fagaoali`i and Ulimasao would jointly hold the title. Both Fagaoali`i and Ulimasao were given the traditional *kava* cup ceremony that day, but with the understanding that

Fagaoali`i would withdraw his offer to register the title. However, the Village Council of Vatia never met to record the family's decision, and Fagaoali`i did not withdraw his registration offer.

■ The events of these four meetings clearly show that Ulimasao enjoyed the majority support of the Tagoilelagi family's clan or clans. If the Uitualagi clan is the family's only clan, as Fagaoali`i presents, this clan as a whole still supports Ulimasao's candidacy. If, on the other hand, the family has four clans, Falemalama, Sulufaiga, Sina, and Sa`a, as named by Ulimasao, Fagaoali`i may have the support of his clan, Sulufaiga, but Ulimasao clearly has the support of the other three clans.

Ulimasao prevails over Fagaoali`i on the clan wish issue.

3. Forcefulness, Character, Personality, and Knowledge of Samoan Customs (A.S.C.A. § 1.0409(c)(3))

Fagaoali`i and Ulimasao had very similar formative years, including their educational experience through high school. From that point forward, each took a divergent but successful path from the other.

Fagaoali`i is a professional educator. Beginning in 1962, he extensively pursued formal higher education and, in 1983, earned his doctorate. From 1966 until now, he steadily progressed as a teacher and administrator in the public school system of American Samoa. He now holds the highly responsible position of Director of Education for the entire system. Through the years, Fagaoali`i has also been very active and held important positions in the Church of Jesus Christ of Latter Day Saints. He has also held his present *matai* title in the Tagoilelagi family for 22 years.

Ulimasao is a skilled technician. After community college stateside, he served in the United States Army for 10 years, specializing in the communications field. Then, after two years with the Public Works Department of the American Samoa Government ("ASG"), he successfully competed for employment with the Federal Aviation Administration ("FAA"). For the last 19 years, Ulimasao has held various technical positions and is now a maintenance operation specialist with the FAA. During both careers, he took advantage of numerous educational opportunities at military and civilian schools as well as at the FAA Academy. Ulimasao serves as a deacon at the Congregational Christian Church of American Samoa in Vatia. He has held his present *matai* title in the Tagoilelagi family for 21 years.

Evaluating their upbringing, education, careers, religious activity, and demeanor in court, it is evident that both Fagaoali`i and Ulimasao are

forceful persons with characters of strength and integrity. Each has an appealing personality. Both Fagaoali`i and Ulimasao have also held *matai* titles for more than 20 years. Each is thus also well-versed in Samoan customs.

Accordingly, we conclude that Fagaoali`i and Ulimasao are equally matched and neither prevails over the other in the category of forcefulness, character, personality, and knowledge of Samoan customs.

### 4. Value to Family, Village, and Country (A.S.C.A. § 1.0409(c)(4))

Fagaoali`i is an education and church leader. As a result of his public service role, he has also been, and continues to be, actively involved in various ASG boards, commissions, committees, and conferences. Fagaoali`i regularly participates in the affairs of the Tagoilelagi family and the Village of Vatia. He holds a family *matai* title. However, he spent periods during childhood in the Village of Fagasa as well as Vatia. Fagaoali`i also presently lives, and for most of his adult life has lived, in the Village of Aua.

As a soldier and federal employee, Ulimasao has principally devoted his service to country directly to the United States rather than the Territory of American Samoa. Because of his service to the nation, Ulimasao has also lived outside of American Samoa for 22 years. However, throughout childhood and when he has been in American Samoa during adulthood, Ulimasao resided, and presently resides, in the Village of Vatia. Thus, when here, Ulimasao participates daily and regularly in the affairs of the Village of Vatia and the Tagoilelagi family. Ulimasao is also the principal spokesperson for the Tagoilelagi title as a high talking chief in the family.

We do not discount achievements and leadership abilities of either candidate. However, because of his more intimate daily contacts with the Tagoilelagi family and the Village of Vatia, we conclude that Ulimasao has the superior advantage over Fagaoali`i in the category of value to family, village, and country.

### C. Priority of the Four Criteria

We give greater weight to each criterion in their statutory order in accordance with A.S.C.A. § 1.0409(c). We also assess the candidates' relative advantage in each criterion. *In re Matai Title Tauala,* 15 A.S.R.2d 65, 69 (Land & Titles Div. 1990).

The best hereditary right receives the highest priority. Fagaoali`i has the decided advantage here under the traditional measure, but the difference

appears to be less pronounced when the distance from the original titleholder is the yardstick. Ulimasao, in our view, enjoys majority support among the Tagoilelagi family's clans, whether there is the single clan advocated by Fagaoali`i or the four clans identified by Ulimasao. Ulimasao is the clear winner in the second priority criterion of the wish of the family clans. Fagaoali`i and Ulimasao are equally qualified under the third priority criterion of forcefulness, character, personality, and knowledge of Samoan customs. Ulimasao, however, has distinct eminence in the fourth priority criterion of value to family, village, and country.

In our analysis, Ulimasao's stronger rankings on the second and fourth criteria outweigh Fagaoali`i's better hereditary right. We will, therefore, award the title "Tagoilelagi" to Ulimasao.

## Order

The title "Tagoilelagi" is awarded to Ulimasao Sitala Sitala, Jr. The Territorial Registrar shall register the title in Ulimasao's name, provided that he has resigned from and is not registered as holding any other *matai* title.

It is so ordered.

---

DISSENT

ATIULAGI, Associate Judge.

I would award the title "Tagoilelagi" to Fagaoali`i.

Fagaoali`i clearly has the superior hereditary right to the title. I interpret the evidence of the family meetings as resulting not in majority clan support for Ulimasao but in no decision for either candidate, and would therefore find a draw on the clan wish criterion.

On the third and fourth criteria, I believe that based on his education and career achievements, Fagaoali`i is a more forceful person and a stronger leader. Moreover, unlike Ulimasao, Fagaoali`i has lived in American Samoa his entire life except when attending college. In addition, he also has held a family *matai* title for many years, longer than Ulimasao has held his present title.

Since I would find that Fagaoali`i prevails over Ulimasao on the first, third, and fourth criteria, I believe that the title "Tagoilelagi" should be awarded to Fagaoali`i.